**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company,<br><br>             Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 70.95.28.162,<br><br>             Defendant. | Case Number: 22cv00133-LL-JLB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE PLAINTIFF'S COMPLAINT, PROPOSED SUMMONS, AND RETURN OF SERVICE UNDER SEAL**<br><br>**[ECF Nos. 4, 5]** |

**I.   INTRODUCTION**

Plaintiff Strike 3 Holdings, LLC, a Delaware limited liability company ("Plaintiff") brings this action for copyright infringement against John Doe, a subscriber assigned IP address 70.95.28.162 and sued pseudonymously ("Defendant").  ECF No. 1.  Before the Court is Plaintiff's Motion for Leave to File the Complaint, Proposed Summons, and Return of Service under seal (the "Motion").  ECF No. 4.  After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Motion.

**II.   BACKGROUND**

Plaintiff alleges that Defendant is an egregious infringer of its registered adult motion picture copyrighted works and has infringed on at least 32 of those works over an extended period of time.  ECF No. 1 at 1-2, ¶¶ 2-4.

On January 31, 2022, Plaintiff filed this lawsuit against Defendant alleging one claim for relief for copyright infringement. ECF No. 1. On February 1, 2022, the summons issued. ECF No. 3. On March 30, 2022, Plaintiff filed the instant motion. ECF Nos. 4, 5.

## III.  LEGAL STANDARD

Except for certain documents "traditionally kept secret," federal courts begin a sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record must "articulate [] compelling reasons supported by specific factual findings," *id.*, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995). The Court "conscientiously balance[s] . . . the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz,* 331 F.3d at 1135. After considering these interests, if the Court decides to seal certain judicial records, it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434; *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (applying compelling reasons standard to dispositive motions).

A party must satisfy the compelling reasons standard even if the motion, or its attachments, were previously filed under seal or protective order. *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion."). A party's failure to meet the burden of articulating specific facts showing a "compelling reason" means that the "default posture of public access prevails." *Kamakana*, 447 F.3d at 1182. In ruling on motions to seal, courts recognize that "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes." *Kamakana*, 447 F.3d at 1179.

## IV.  DISCUSSION

Plaintiff states that although it is aware of Defendant's identity, it is sensitive to

Defendant's privacy concerns, and therefore, opted to file this suit against Defendant pseudonymously within the caption. ECF No. 4 at 2, ¶ 6. The information redacted from the complaint is limited to identifying information, such as Defendant's name, address, and additional factual information directly linking Defendant to the infringement in this case. *Id.* at 2, ¶ 7. Plaintiff asks the Court to file the unredacted version of the complaint containing this identifying information under seal. *Id.* at 2, ¶ 8. Plaintiff also advises that its counsel has spoken with Defendant's counsel, who agrees with filing the requested documents under seal. *Id.* at 2, ¶ 10.

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted). "It is uncontested, however, that the right to inspect and copy judicial records is not absolute." *Id.*; *see also Kamakana*, 447 F.3d at 1178. As pertains to this case, other courts within this District have granted similar motions also brought by Plaintiff in other cases. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 3:20-cv-02117-TWR-LL, 2021 WL 1165108, at *1–2 (S.D. Cal. Mar. 26, 2021) (granting a motion to file information regarding the defendant's identity, including the amended complaint, under seal). Thus, given other district courts have lodged under seal the very type of documents at issue here and the confidential nature of the information involved, compelling reasons exist for the Court to exercise its discretion and inherent authority to similarly lodge these materials under seal. *See Kamakana*, 447 F.3d at 1179. Accordingly, Plaintiff's Motion is **GRANTED** as set forth below.

## V.   CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiff's Motion to File the Complaint, Proposed Summons, and Return of Service. Redacted versions of the aforementioned documents have been filed on the public docket. The Clerk is directed to file unredacted versions of the documents and exhibits lodged at ECF No. 5 under seal.

**IT IS SO ORDERED.**

DATED:   April 14, 2022

HON. LINDA LOPEZ
United States District Judge